# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 679 | **DATE** | 2/14/2012 |
| **CASE TITLE** | Robert Brown (#2011-0121134) vs. Sgt. King, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted and the initial partial filing fee is waived. The court authorizes the trust fund officer at Plaintiff's place of confinement to make deductions from Plaintiff's inmate trust fund account in accordance with this order. The complaint does not state a valid claim upon which this court can grant relief and is dismissed. The dismissal is without prejudice to Plaintiff submitting an amended complaint. Plaintiff is given until 3/16/12 to submit an amended complaint. If the court receives no pleadings within that time, it will dismiss this case.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

   Plaintiff Robert Brown, a Cook County Jail inmate, has filed a 42 U.S.C. § 1983 complaint against several jail officers. Plaintiff states that, on March 14, 2011, he was handcuffed for approximately four hours with his hands behind his back while waiting to be taken to court. The officers refused to recuff him with his hands in front. After yelling at officers to be recuffed, he was taken back to his cell without appearing in court. Plaintiff seeks monetary damages as well as an order preventing Cook County Jail to handcuff inmates behind their backs for extended periods of time.

   Plaintiff seeks to file his complaint *in forma pauperis* ("IFP") motion. His application indicates that he is unable to prepay the $350 filing fee or an initial partial filing fee. The supervisor of inmate trust accounts at Plaintiff's place of incarceration is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in Plaintiff's account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this action. Plaintiff shall remain responsible for this filing fee obligation, and Cook County Jail officials shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

   Preliminary review of the complaint, *see* 28 U.S.C. § 1915A, reveals that Plaintiff has not stated a claim upon which this court may grant relief. In order to state a § 1983 claim in this court, Plaintiff must state that he suffered an injury amounting to a constitutional violation. To state a constitutional violation of deliberate indifference, Plaintiff must allege facts indicating that the Defendants knew of and disregarded an excessive risk of serious harm to Plaintiff. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004). The risk must be sufficiently serious or "extreme." *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). Plaintiff's allegation that he was cuffed behind his back for four hours, which was uncomfortable and even painful, does not state a sufficiently serious condition. *See Hernandez v. Battaglia*, 673 F.Supp.2d 673, 677 (N.D. Ill. 2009) (Bucklo, J.) (handcuffed for eight hours behind the back was not sufficiently serious to give rise to a claim of deliberate indifference); *Adams v. Battaglia*, No. 07 C

**STATEMENT**

4897, 2011 WL 2038722 at *3-4 (N.D. Ill. May 24, 2011) (Coleman, J.) (handcuffing of obese inmate for five hours with only one handcuff, as opposed to two, which caused damage to left wrist, was not sufficiently serious to sustain a § 1983 action); *see also Key v. McKinney*, 176 F.3d 1083, 1086 (8th Cir.1999) (no constitutional violation existed where a prisoner was restrained in handcuffs for 24 hours, making it difficult for him to relieve himself). Plaintiff's allegations, although stating an unfortunate and uncomfortable situation, do not state a claim rising to the level of a constitutional violation.

      Accordingly, the complaint is dismissed. The court will allow Plaintiff to submit an amended complaint, in the event that there are facts not alleged that would indicate that Plaintiff has a valid constitutional claim. If Plaintiff files an amended complaint that again does not state a claim, the dismissal of such an amended complaint will necessitate the imposition of a strike under 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes under § 1915(g), with the exception of a petition for habeas corpus relief, he will be unable to file a pleadings in federal district and appellate courts without the prepayment of the filing fee, unless he is in imminent danger of serious bodily harm. Additionally, if he files an amended complaint, he must submit a judge's copy and a service copy for each named Defendant.